JANUARY TERM, 1882, No. 270.　　　　　　　MAY 2, 1882.

## Overseers of Chillisquaque *versus* Overseers of Lewisburg.

1. An order for the removal of a pauper widow " and her family," may be amended on appeal by inserting the names of her children.　.
2. *Semble*, that the order would have been good without amendment.
3. The family of a widow are *prima facie* her children.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN, JJ.

Error to the Court of Quarter Sessions of *Union County*.

Appeal of the overseers of the poor of Chillisquaque Township from an order of two justices removing a pauper and her family.　　　　　　　　.

The order of removal was dated September 28th, 1878, and set forth:

" Whereas complaint has been made to us, the subscribers, two of the justices of the peace in and for said county of Union, by the overseers of the said district of Lewisburg, that Mrs. Agnes Leidy, wife of William H. Leidy, deceased, hath lately come to inhabit in the said district of Lewisburg, not having gained a legal settlement therein, and that the said Agnes Leidy and family have actually become chargeable to the said district of Lewisburg, the said William H. Leidy being now deceased, his family are still remaining a charge in said district of Lewisburg; we, the said justices, upon due proof and consideration had of the premises, do adjudge the same to be true, and do likewise adjudge that the place of the last legal settlement of the said Agnes Leidy is the district of Chillisquaque, in the said county of Northumberland.　These are, therefore, to authorize and require you, the above-named Larrison Pross, William J. Painter, Joseph Kreamer, overseers of the poor of the district of Lewisburg, at the expense of said district of Lewisburg, to remove and convey the said Agnes Leidy and family from the said district of Lewisburg to the said district of Chillisquaque, in the said county of Northumberland, and to deliver them, together with this order, and a true copy thereof, to the overseers of the same, who are hereby required to receive and provide for the said Agnes Leidy and family as settled inhabitants thereof."

From the depositions taken in support of the appeal the facts appeared to be as follows:

Agnes Leidy was the widow of William H. Leidy, and

[Overseers of Chillisquaque *v.* Overseers of Lewisburg.]

had five minor children. William H. Leidy, the husband and father of the paupers, had a settlement in Lewisburg. April 1st, 1872, he removed therefrom to Chillisquaque Township. At that time and up to the time of his death he was the owner of real estate in Lewisburg. He paid the taxes on this real estate for the years 1874, 1876, 1877 ; but the tax for the last year was paid after the order of maintenance issued and he had become a charge. He rented in Chillisquaque Township from April 1st, 1872, to October 5th, 1875, during which time he acquired a settlement there. He removed from Chillisquaque to Bloomsburg, in the county of Columbia, after the 5th of October, 1875; but did not dwell there for one whole year, and failed to acquire a residence there. He died before he could be removed, and no actual removal of the paupers had taken place.

Counsel for the overseers of Chillisquaque then moved to quash the order of removal :

First. Because it is intended to embrace within its terms persons not named in the order of removal and unknown to the overseers of the poor of Chillisquaque Township, while neither the order itself nor the manner of its execution (no actual removal having been made to Chillisquaque) furnished to the defendants the means of ascertaining what persons are included in the " family," either their names or number of them.

Second. Because there is no adjudication that the persons intended to be represented by the word " family " had any legal settlement in the district of Chillisquaque, and such settlement cannot be presumed from the use of the word " family," because that word if it may be used at all in the manner intended here may be used to cover within the order any number or character of persons without notice to the defendants what number or character of persons may be included in the order.

Third. The defendants ask the Court to quash all that part of said order of removal referring to any other persons than Agnes Leidy, because she is the only pauper named in the order or adjudicated as having a settlement in the district of Chillisquaque.

Counsel for the overseers of Lewisburg, the plaintiffs, moved to amend the order by inserting after the words, " Agnes Leidy and family," the following, to wit : " Clara, Annie, Mary, Margaret, and George, minor children of William H. Leidy, deceased, and that the place of their last settlement was Chillisquaque Township."

The amendment was objected to as not allowable without

evidence to support it, and because it was virtually to make a new order without the adjudication of the justices.

The Court below, BUCHER, P. J., confirmed the order and dismissed the appeal, saying, *inter alia:*

"Objection was made to the allowance of the amendment. The Act of 13th June, 1836, provides for the amendment of orders of removal when they are defective in form, and declares that the Court shall hear and determine the cause upon its merits after the amendments. It was held in Cumberland *v.* Jefferson, 25 P. S. R., 463, that the act must be liberally construed. Since the passage of the act, amendments are favored by the courts. Yates, Justice, said, in Reading *v.* Cumree, 5 Binney, 87, that, under the Act of 20th March, 1810, it was the duty of the Court to amend orders of removal both in form and in substance. Indeed, it would be impossible to decide the case upon its merits without an amendment. The Court must decide the cause 'upon its truth and merits'.(Act of 1836) without regard to defects in the order.

"The amendment is allowed. We have, then, the settlement of the father and mother in Chillisquaque. The children (who represent the 'family,' and they were meant by this word in the order) are all minors. The place of settlement of the children is that of the father until they acquire a new one: Lewis *v.* Turbut, 3 Harris, 145; Toby *v.* Madison, 8 Wright, 60; Nippenose *v.* Jersey Shore, 12 Wright, 402. There is no evidence that these minors acquired a settlement of their own, nor is it even pretended that they did.

"It follows that the proceedings before the justice must stand."

The defendants then took out a writ of error, assigning that the Court erred in permitting the amendment, in affirming the order, and in refusing to quash.

*R. M. Cummings,* for plaintiffs in error.

When an ambiguous or uncertain word is used in the order, it can only be corrected or amended when the evidence in the case shows clearly what is meant or intended to be meant by it, and cannot be amended upon the assertion of a fact which the evidence does not show and the adjudication of the justices does not warrant.

The order of relief does not name any person except William H. Leidy. The order of removal does not name any person except Agnes Leidy and *family,* which might mean any person or persons residing with her, either father, mother, brothers or sisters, or children of different husbands, and an attempt to adjudicate a settlement under so ambigu-

[Overseers of Chillisquaque *v.* Overseers of Lewisburg.]

ous a term is no adjudication at all. But the justices issuing the order did not attempt it. They do not find that the last legal settlement of the persons intended to be included under the word "family" was in Chillisquaque Township, but only say that the last legal settlement of Agnes Leidy, and this defect is not removed by the evidence, and in reference to persons thus intended to be included the order should have been quashed.

The order was improperly amended. First, because the evidence does not warrant it. It does not show that William H. Leidy had minor children. Secondly, the law and public polity do not authorize it. If at the argument an order may be amended by adding names and descriptions of persons not mentioned in the evidence, then it may be amended by striking out and by adding to, and by striking out we may have a new order that would not be affected by the evidence taken in the case.

*Wolfe & Wilson*, for defendants in error.

If the overseers convey the right person, it is not absolutely necessary that the name should be known: Burns's Justice, vol. iii., p. 535.

It was decided in Reading *v.* Cumree, 5 Binney, 81, that "the Court shall decide (the appeal) according to the merits, without regard to defects in the order either as to form or substance," and this was declared to be the law in Overseers of Limestone *v.* Overseers of Chillisquaque, 6 Norris, 294, where the counsel for plaintiff in error in the case cited it in support of the position which he then took, and which is our position now.

MAY 15TH, 1882.—PER CURIAM: The family of a widow are *prima facie* her children, and it is not clear that the original order of removal would not have been good without amendment. *Id certum est quod certum reddi potest.* But the power of the Court below to amend the order was unquestionable. Upon the merits, it is very clear that the confirmation of the order of removal was entirely right.

Order affirmed.